## TEVIS et. al. v. FOSTER.

Judgment should not be rendered against a garnishee when his answer shows that the goods and credits of the debtor came into his hands in his capacity of clerk or agent for a third party, and that he had delivered them to his employers who were creditors of said debtor.

ERROR to Des Moines District Court.

Opinion by WILLIAMS, C. J.   Tevis, Scott and Tevis sued John Fullerton by attachment. Foster was garnisheed, in accordance with the statute. Foster appeared at the time required, and having answered the questions which were propounded to him was discharged, with his costs.   Judgment was accordingly entered.

The only error complained of by plaintiffs is that the judgment of the district court should have been against the garnishee.

The record shows the following state of facts as contained in the answer of Foster. To the question whether " at the time after service of the summons of garnishee at the suit of Tevis, Scott and Tevis v. John Fullerton, he had in his possession or control any goods, moneys or effects of said Fullerton. If so, what property, how much, and of what value, and what money or effects?" He answered " that sometime in the month of September, 1849, John Fullerton arrived at St. Louis and deposited through his brother, Robert Fullerton, resident in St. Louis, a letter to the address of R. & W. Capmbell, of that city. This letter contained an assignment by said John Fullerton of all his stock, notes, &c., &c., to R. & W. Campbell and Eugene Kelley & Co. The assignments were not accepted. On my arrival at Burlington, Nexon, a brother of John Fullerton, transferred the books of John Fullerton to R. & W. Campbell and Eugene Kelley & Co., to secure their claims against him. The accounts on the books were subsequently made out by

me and Mr. Donahue, aided by Nexon Fullerton, and as many of them closed by cash or note as possible. Prior to the transfer of the books by Nexon Fullerton, having declined acceptance of the assignment, I attached the goods of said Fullerton to secure, in part, the claim of R. & W. Campbell. The amount of money which I received on Fullerton's debts I do not now know; the amounts received by Mr. Donahue and myself were $162,75. The books of John Fullerton at the time of the service of the garnishee summons were in possession of Mr. Donahue and myself; or rather we exercised supervision over them. When I left Burlington on my return to St. Louis the books remained in the possession of Mr. Donahue, who, on his arrival in St. Louis handed them over to Nexon Fullerton, who, in turn transferred them to me. I had them taken to the counting room of R. & W. Campbell, where they were when last I saw them." Foster on his examination, further stated "that on the settlement of the accounts in the books of Fullerton, when they were not paid, notes were taken and the accounts closed. When he left for St. Louis, the notes were left with Mr. Donahue; they amounted to between five and six hundred dollars, and were taken for the benefit and to the order of Robert Campbell and Eugene Kelley, respectively. The money collected, $162,75, is now in the temporary possession of R. & W. Campbell, of St. Louis. In this matter the garnishee was acting as the agent of R. & W. Campbell, as was Mr. Donahue of E. Kelly & Co. That the books would cost when new about ten dollars; that John Fullerton's arrival in St. Louis was previous to the coming of the garnishee to Burlington, also previous to the garnishee summons in this case; that the remaining accounts drawn from the books of John Fullerton were left by Mr. Donahue with Justice Stull for collection, and that they were to be collected for the benefit of Robert Campbell and Eugene Kelley."

John Fullerton being a merchant and in failing circum-

Tevis *v.* Foster.

stances, had a right to prefer one or more of his creditors provided this was bona fide.    There is nothing disclosed by the examination of the garnishee which would impeach the transaction for fraud.    R. & W. Campbell and Eugene Kelly had, as creditors of Fullerton, legal possession of the goods and effects of Fullerton by virtue of the transfer made by him through his agent, Nexon Fullerton, and by the writ of attachment issued by Foster prior to the issuance of the writ and summons of garnishment in the case of Tevis, Scott and Tevis.    It does appear that the goods and effects which were transferred and attached for the benefit of Campbell, and Kelly & Co., were not then sufficient to satisfy their claims against Fullerton.    The statement of the garnishee, that he acted as the agent of R. & W. Campbell when he had the goods and effects in his hands and that he as such delivered them to his employers at St. Louis, would not justify a judgment against him.

Judgment affirmed.

*L. D. Stockton*, for plaintiff in error.

*D. Rorer* and *M. D. Browning*, for defendant.